Bianca M. Olivadoti, Esq. (Bar ID #112962014)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS 1661, INC., RODNEY CLOWERS, LAUREN CHUN, AND TIFFANY-BLEU GARCIA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRITTANY DAVE, | Civil Action No. |
| Plaintiff, |  |
| v. | **NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, HUDSON COUNTY** |
| 1661, INC. d/b/a GOAT GROUP; RODNEY CLOWERS; LAUREN CHUN; TIFFANY-BLEU GARCIA; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals, |  |
| Defendants. |  |

TO:    McOmber McOmber & Luber, P.C.
       Christian V. McOmber, Esq.
       Peter D. Valenzano, Esq.
       Andres F. Puerta, Esq.
       54 Shrewsbury Avenue
       Red Bank, NJ 07701
       Attorneys for Plaintiff

   Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendants, 1661, Inc. ("1661"),

Rodney Clowers, Lauren Chun, and Tiffany-Bleu Garcia (collectively, "Defendants") respectfully

submit this Notice and Petition for Removal of this case from the Superior Court of New Jersey,

Law Division, Hudson County, bearing Docket No. HUD-L-004645-25 (the "State Court Action"),

and states as follows as grounds for removal:

1.      On December 4, 2025, Plaintiff Brittany Dave ("Plaintiff") filed a civil action against Defendants in the Superior Court of New Jersey, Law Division, Hudson County, captioned as <u>Brittany Dave v. 1661, Inc., et al.</u>, Docket No. HUD-L-004645-25, alleging violations of the New Jersey Law Against Discrimination.  A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2.      Defendant 1661, Inc. was served with a copy of the summons and complaint on or about January 9, 2026.  A true and correct copy of the Affidavit of Service filed by Plaintiff is attached hereto as Exhibit B.

3.      Defendant Tiffany-Bleu Garcia was served with a copy of the summons and complaint on or about January 13, 2026. A true and correct copy of the Affidavit of Service filed by Plaintiff is attached hereto as Exhibit C.

4.      Defendant Rodney Clowers was served with a copy of the summons and complaint on or about January 13, 2026. A true and correct copy of the Affidavit of Serviced filed by Plaintiff is attached hereto as Exhibit D.

5.      Defendant Lauren Chun accepted service of the summons and complaint on January 30, 2026. A true and correct copy of the acknowledgment of service for Ms. Chun is attached hereto as Exhibit E.

6.      The Summons, Complaint, Plaintiff's First Set of Interrogatories, and Plaintiff's First Request for the Production of Documents constitute all pleadings, process and other documents provided to Defendants in this action.  The Complaint was the initial pleading received by Defendants setting forth the claims upon which Plaintiff's action is based.

7.     This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendants have filed this notice of removal within thirty (30) days of service of the Complaint on each of the Defendants.

8.     Defendants have not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance in the Superior Court of New Jersey.

9.     Defendants are entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants.

10.     As set forth in the Complaint, Plaintiff is a resident of the State of New Jersey, residing in West Orange, New Jersey. See Exhibit A, Complaint, at ¶ 1.

11.     Conversely, Defendant 1661 is a resident of the States of Delaware and California.  Specifically, Defendant 1661 is incorporated in the State of Delaware and has its principal place of business at 3960 Landmark Street, Los Angeles, California 90232.  See 28 U.S.C. § 1332(c)(1).

12.     Defendants Clowers and Chun are residents of California. See Exhibit A, Complaint, at ¶¶ 3-4.

13.     Defendant Garcia is a resident of Pennsylvania. See Exhibit A, Complaint, at ¶ 5.

14.     The entire amount in controversy, while not specifically enumerated in the Complaint, contemplates an amount exceeding the sum or value of $75,000.  As set forth in the Complaint, Plaintiff seeks, *inter alia*, reinstatement of employment and all benefits, back pay and benefits, front pay and benefits, compensatory damages, consequential damages, reinstatement, punitive damages, prejudgment interest and enhancements to off-set negative tax consequences,

and any and all attorneys' fees, expenses, and/or costs.  Accordingly, Defendants submit that the amount in controversy exceeds the jurisdictional amount.

15.     Since there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy is in excess of $75,000, this court has jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

16.     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's improper venue and failure to state any claims upon which relief may be granted.

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County.

18.     This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants respectfully request the within action, now pending in the Superior Court of New Jersey, Law Division, Hudson County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By:      /s      *Bianca M. Olivadoti*
                 Bianca M. Olivadoti
                 Cody C. Hubbs
                 Attorneys for Defendants

Dated: February 3, 2026
4913-0280-1027, v. 4

# EXHIBIT A

Christian V. McOmber, Esq. – NJ ID #012292010
  cvm@njlegal.com
Peter D. Valenzano, Esq. – NJ ID #037892010
  pdv@njlegal.com
Andres F. Puerta, Esq. – NJ ID #245222017
  afp@njlegal.com
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Avenue
Red Bank, NJ 07701
(732) 842-6500 Phone
*Attorneys for Plaintiff, Brittany Dave*

|  |  |
|---|---|
| BRITTANY DAVE,<br><br>                               Plaintiff,<br><br>        v.<br><br>1661, INC. d/b/a GOAT GROUP; RODNEY CLOWERS; LAUREN CHUN; TIFFANY-BLEU GARCIA; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>                               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br><br>DOCKET NO:<br><br><u>Civil Action</u><br><br>**COMPLAINT & DEMAND FOR TRIAL BY JURY; FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS** |

Plaintiff Brittany Dave ("Plaintiff"), by way of Complaint against Defendant 1161, Inc. d/b/a GOAT Group ("Defendant GOAT Group"), Defendants ABC Corporations 1-5 (fictitious names describing presently unidentified business entities) (along with "Defendant GOAT Group," collectively referred to as the "Corporate Defendants"), Defendant Rodney Clowers ("Defendant Clowers"), Defendant Lauren Chun ("Defendant Chun"), Defendant Tiffany-Bleu Garcia ("Defendant Garcia") and Defendants John Does 1-5 (fictitious names describing presently unidentified individuals) (along with "Defendant Clowers," "Defendant Chun," and "Defendant Garcia, "collectively referred to as the "Individual Defendants") ("Corporate Defendants" and

"Individual Defendants" collectively referred to as the "Defendants" or the "GOAT Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

This action arises from Defendant GOAT Group's unlawful discrimination against Plaintiff Brittany Dave based on her sex, pregnancy, and protected activity in *in direct violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (hereinafter referred to as the "NJLAD")*. For more than three years, Plaintiff was a model employee. She was high-performing, loyal, and consistently recognized for her exceptional work. Her employment record was spotless; her responsibilities grew; and in March 2025 the company rewarded her with a promotion and raise reflecting the strength of her performance. *Yet the moment she disclosed her pregnancy and took protected maternity leave, the company's treatment of her changed dramatically. On October 27, 2025, the first day she returned from leave, Defendant GOAT Group abruptly terminated her employment, citing a vague "downsizing" that supposedly occurred months earlier*. This explanation was patently false: Plaintiff received none of the communications that accompanied the August layoffs, and her direct counterpart, a younger, childless woman performing the same role, was retained without disruption.

The circumstances of Plaintiff's termination cannot be divorced from the discriminatory environment she had long observed. Throughout her tenure, male employees consistently received higher base salaries, larger merit increases, and more favorable compensation than their female counterparts, including Plaintiff. She raised these inequities with Human Resources, providing detailed documentation of pay disparities, yet the company took no meaningful action. Instead, after returning from protected leave and having previously complained of unequal pay, she was targeted for termination under circumstances that reveal clear pretext and discriminatory motive.

Defendant GOAT Group's actions, culminating in its decision to end Plaintiff's employment the very day she resumed work, constitute unlawful sex discrimination, pregnancy discrimination, pay inequity, and retaliation, all in violation of New Jersey law.

Fortunately, the NJLAD provides redress for employees subjected to such discrimination. Accordingly, Plaintiff brings this lawsuit to avail herself of her right to work in an environment free from pregnancy-based discrimination and retaliation.

## PARTIES

1. Plaintiff is a domiciliary of the State of New Jersey presently residing in West Orange, New Jersey. At all times relevant hereto, Plaintiff was employed by Defendant GOAT Group as an Operations Quality Performance Manager.

2. Defendant GOAT Group is a foreign corporation authorized to do business in New Jersey, with locations at 1 County Road, A6-A8, Secaucus, New Jersey 07094 and 1000 Huyler Street, Teterboro, New Jersey 07608. At all times relevant hereto, Defendant GOAT Group is an "employer" as defined under the NJLAD.

3. Defendant Clowers, at all times relevant hereto, was employed by Defendant GOAT Group as an Associate Director of Inventory Control. Upon information and belief, Defendant Clowers is a domiciliary of the State of California. This claim is brought against Defendant Clowers in his individual capacity and as an agent of Defendant GOAT Group who aided and abetted in the discrimination or retaliation alleged herein.

4. Defendant Chun, at all times relevant hereto, was employed by Defendant GOAT Group as its Manager of People Operations. Upon information and belief, Defendant Chun is a domiciliary of the State of California. This claim is brought against Defendant Chun in her

individual capacity and as an agent of Defendant GOAT Group who aided and abetted in the discrimination or retaliation alleged herein.

5.      Defendant Garcia, at all times relevant hereto, was employed by Defendant GOAT Group as Human Resources Representative. Upon information and belief, Defendant Garcia is a domiciliary of the Commonwealth of Pennsylvania. This claim is brought against Defendant Garcia in her individual capacity and as an agent of Defendant GOAT Group who aided and abetted in the discrimination or retaliation alleged herein.

6.      Defendants ABC Corporations 1-5 are currently unidentified business entities that have acted in concert with Corporate Defendants, and/or currently unidentified business entities responsible for the creation and/or implementation of anti-discrimination and/or anti-retaliation policies of the Corporate Defendants, and/or currently unidentified business entities that may have liability for the damages suffered by Plaintiff under any theory advanced herein.

7.      Defendants John Does 1-5 are currently unidentified individuals who have acted in concert with Defendants, and/or currently unidentified individuals responsible for the creation and/or implementation of anti-discrimination and/or anti-retaliation policies of the Corporate Defendants, and/or are currently unidentified individuals who may have liability for the damages suffered by Plaintiff under any theory advanced herein.

## **FACTS COMMON TO ALL CLAIMS**

8.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey specific policies prohibiting discrimination based on gender and pregnancy.

9.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey specific policies prohibiting workplace retaliation.

10.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey a zero-tolerance policy when it comes to workplace harassment and retaliation.

11.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures requiring an employee who believes he or she was the victim of any discrimination, harassment, and/or workplace retaliation to report the discrimination, harassment, and/or retaliation to supervisory, management, and/or human resources personnel working for Corporate Defendants.

12.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures whereby they would engage in a timely and effective investigation of complaints of discrimination, harassment, and retaliation brought to their attention by Corporate Defendants' employees.

13.      Corporate Defendants claim, at all times relevant hereto, that they had in effect at their facilities and locations within the State of New Jersey policies and procedures committing them to undertake prompt and effective remedial measures to put a stop to any discrimination, harassment, or retaliation they found to exist.

14.      Plaintiff began her employment with Defendant GOAT Group on or about May 15, 2022, as a Quality Performance Assistant Manager and consistently performed her duties competently and without discipline, counseling, or negative reviews. She was committed to her role and anticipated a long-term future with the company. However, after becoming pregnant with

her first child and taking company-approved maternity leave, Plaintiff was targeted for discrimination and retaliation in a pretextual termination allegedly based on a "downsizing" that took place several months prior.

**A.**   **Prior To Announcing Her Pregnancy, Plaintiff Receives An Excellent Performance Review And Is Promoted.**

15.   Throughout her tenure with Defendant GOAT Group, beginning in May 2022, Plaintiff capably performed all of her job responsibilities, received no discipline or negative performance reviews, and maintained an exemplary employment record.

16.   Plaintiff experienced significant managerial turnover during her employment, including three different managers between 2023 and 2024, which created ongoing disruption in the review and advancement process for her position.

17.   Despite these obstacles, Plaintiff consistently delivered strong results, made company-wide contributions, and was expressly acknowledged by directors and leadership for her performance.

18.   In or about March 2025, following a very positive performance review, Plaintiff was promoted to Operations Quality Performance Manager.  At the time of her promotion, Plaintiff had not yet disclosed her pregnancy.

**B.**   **Plaintiff Announces Her Pregnancy And Takes Maternity Leave.**

19.   On or about March 17, 2025, Plaintiff notified Human Resources via email of her pregnancy and her intent to take maternity leave beginning May 20, 2025.

20.   Plaintiff thereafter took approved temporary disability leave from approximately May 20, 2025 through August 1, 2025, followed by FMLA leave from approximately August 2, 2025 through October 24, 2025.

21.     Plaintiff at all times complied with Defendant GOAT Group's policies and procedures regarding leave and remained in good standing throughout her absence.

**C.     Plaintiff Returns From Maternity Leave And Is Immediately Terminated.**

22.     On October 27, 2025, the day she returned from protected maternity leave, Plaintiff was unexpectedly terminated during a Google Meet call with her manager, Defendant Clowers, and Defendant Garcia.

23.     During the call, Defendant Clowers and Defendant Garcia told Plaintiff her position was being eliminated due to a "downsizing" that had allegedly taken place in August 2025.

24.     This explanation was inconsistent with the company's own communications during the August 2025 layoffs, which advised employees that those impacted would receive a calendar invite and those retained would receive an email.

25.     Plaintiff received neither a calendar invite nor an email regarding the August 2025 layoffs, indicating she had not been part of any prior downsizing.

26.     Plaintiff's direct counterpart, a younger, childless employee holding the same title and performing the same duties, was retained during and after the purported restructuring.

27.     Defendants provided Plaintiff with a termination letter and severance offer consisting of two months' salary and two months of partial health insurance, with a deadline of October 31, 2025 to sign.

28.     On October 31, 2025, Plaintiff emailed Human Resources Representative Nicole Hasse and Defendant Garcia, raising concerns about the timing and circumstances of her termination, including its suspicious alignment with her return from protected maternity leave.

29.     On November 4, 2025, Defendant Chun replied to Plaintiff's email, stating in part that the decision to eliminate her position was due to current economic climate.

30.     Notably, however, the GOAT Group Defendants retained Plaintiff's counterpart, a younger, childless female, highlighting the discriminatory and retaliatory animus of Plaintiff's termination.

31.     Plaintiff's termination occurred only months after her promotion and raise, and immediately upon her return from maternity leave, despite her continuing strong performance and lack of any performance-related concerns.

32.     Defendants' proffered reason for Plaintiff's termination, *i.e.*, that her position had been eliminated months earlier, is false and pretextual.

33.     The true motivating factors for Plaintiff's termination included her pregnancy and her taking of protected maternity leave.

**D.     During Her Employment, Plaintiff Becomes Aware Of Systemic Sex/Gender Pay Inequity At Defendant GOAT Group.**

34.      Throughout her employment, Plaintiff observed a persistent and troubling pattern in which male employees received higher base salaries, larger merit increases, and greater total compensation than similarly situated female employees, including herself.

35.     Additionally, in or around the end of 2023 or beginning of 2024, Plaintiff learned from discussions with male colleagues Jeff Chiang and Nick Valdez, that they had each earned a higher merit increase than Plaintiff, despite Plaintiff's excellent performance.

36.     Plaintiff collected data and documentation demonstrating pay disparity and reported them to Erica Leggit ("Ms. Leggit") of Defendant GOAT Group's Human Resources on multiple occasions, including in a detailed communication on or about March 13, 2024.

37.     Defendant GOAT Group failed to meaningfully investigate or address Plaintiff's gender-based pay inequity complaints.

38.     In or around November 2024, Plaintiff learned that six male colleagues had been given a 3% raise, while Plaintiff only received a 2% raise, despite Plaintiff's excellent performance.

39.     Plaintiff shared this with her colleague Kristen Thomason on our around November 4, 2024. Plaintiff explained she did not understand why her raise was lower, given that she could easily demonstrate how much more work she had completed compared with her male colleagues.

40.     Plaintiff mentioned that although she wanted to give the benefit of the doubt, she saw it for what is was, *i.e.*, pay inequity based on sex/gender.

41.     Because of the joint and several acts and omissions of the Corporate Defendants, Individual Defendants, John Does 1-5, and ABC Corporations 1-5, Plaintiff has been and continues to suffer economic loss and pecuniary damage in the form of lost income and benefits past, present, and future.

42.     Because of the joint and several acts and omissions of the Corporate Defendants, Individual Defendants, John Does 1-5, and ABC Corporations 1-5, Plaintiff has been and continues to suffer non-economic damages in the form of humiliation, stress, and anxiety, causing her mental and emotional anguish and dysfunction and physical manifestations of same, including, but not limited to, nightmares, inability to sleep, weight loss, headaches, panic attacks, crying, negative thoughts, nervousness, anxiousness, anxiety attacks, upset stomach, and stomach pains, all or some of which may be permanent.

## **COUNT ONE**

## **NJLAD – DISPARATE TREATMENT AND WRONGFUL TERMINATION DUE TO PREGNANCY AND/OR GENDER**

43.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

44.     The discrimination directed at Plaintiff is outlined above.

45.     Plaintiff is a female, was pregnant, and took protected pregnancy-related leave.

46.     Plaintiff was performing her work at a level that met her employer's legitimate expectations.

47.     Plaintiff was subjected to disparate treatment and terminated based on her gender and/or pregnancy.

48.     The discriminatory conduct would not have occurred but for Plaintiff's gender and/or pregnancy.

49.     Plaintiff's termination occurred under circumstances that give rise to an inference of unlawful discrimination.

50.     The treatment received from Corporate Defendants, Individual Defendants, Defendants ABC Corporations 1-5, and Defendants John Does 1-5, jointly or severally, violates the NJLAD, which prohibits unlawful employment discrimination against any person because of race, religion, age, *gender*, handicap, marital status, national origin, sexual orientation, etc.

51.     Defendants did not have an effective anti-discrimination policy in place, Defendants have not maintained an anti-discrimination policy that is current and effective, and Defendants' anti-discrimination policy existed in name only.

52.     Defendants did not maintain useful formal and informal complaint structures for victims of discrimination, harassment, or retaliation.

53.     Defendants did not properly train their supervisors and/or employees on the subject of discrimination, harassment, and retaliation.

54.     Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

55.     Defendants did not have a commitment from the highest levels of management that discrimination and harassment will not be tolerated.

56.     As a result of the above harassing and discriminatory conduct, Plaintiff experiences ongoing and debilitating emotional distress and experiences significant economic damages.

57.     As the employer and/or supervisor of the Plaintiff, Corporate Defendants are vicariously, strictly, and/or directly liable to the Plaintiff pursuant to the NJLAD in that the affirmative acts of discrimination committed by the Individual Defendants occurred within the scope of their employment; allowing the Individual Defendants to control the day-to-day working environment; and/or Corporate Defendants were deliberately indifferent, reckless, negligent, and/or tacitly approved the hostile work environment; and/or Corporate Defendants failed to create and/or have in place well-publicized and enforced anti-discrimination policies, effective formal and informal complaint structures, training, and/or monitoring mechanisms for same, despite the foreseeability of discrimination in the workplace; and/or by having actual knowledge of the discrimination of Plaintiff and failing to promptly and effectively act to stop it.

58.     Corporate Defendants aided, abetted, incited, compelled, and/or coerced, and/or attempted to aid, abet, incite, compel, and/or coerce the Individual Defendants to commit acts and omissions that were in direct violation of the NJLAD by committing affirmatively discriminatory and retaliatory acts towards Plaintiff in clear violation of its supervisory duties to halt or prevent harassment, subjecting Corporate Defendants to liability pursuant to N.J.S.A. 10:5-12(e).

59.     The Individual Defendants and the managers and/or supervisors of Plaintiff aided, abetted, incited, compelled, and/or coerced, and/or attempted to aid, abet, incite, compel, and/or coerce Defendants to commit acts and omissions that were in violation of the NJLAD by committing affirmatively harassing, discriminatory, and retaliatory acts toward Plaintiff in

violation of their supervisory duty to halt or prevent harassment, retaliation, and discrimination, rendering Defendants individually and collectively liable to Plaintiff pursuant to N.J.S.A. 10:5-12(e).

60.    As a proximate cause of the joint and several unlawful acts and omissions of the Defendants described at length herein, Plaintiff has suffered and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present, and future.

61.    As a proximate result of the discriminatory and retaliatory actions undertaken by Corporate Defendants, Individual Defendants, Defendants John Does 1-5, and Defendants ABC Corporations 1-5, jointly and/or severally, Plaintiff has suffered and continues to suffer non-economic damages in the form of humiliation, stress, anger, sadness, and anxiety, causing her mental and emotional anguish and dysfunction and physical manifestations of same, including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite, and loss of sleep, all or some of which may be permanent.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, emotional distress damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A.    Reinstatement of employment and all benefits;
B.    Back pay and benefits;
C.    Front pay and benefits;
D.    Compensatory damages;
E.    Consequential damages;
F.    Reinstatement;
G.    Punitive damages;

H.   Prejudgment interest and enhancements to off-set negative tax consequences;

I.   Any and all attorneys' fees, expenses and/or costs, including but not limited to court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

J.   Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;

K.   Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L.   Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M.   Ordering Defendants to undergo anti-discrimination training;

N.   Ordering Defendants to undergo anti-retaliation training;

O.   Ordering Defendants to undergo anti-harassment training;

P.   Ordering Defendants to undergo workplace civility training;

Q.   Ordering Defendants to undergo bystander intervention training;

R.   Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S.   Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T.   Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U.   Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.   Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.   Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.   Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.   Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.   Such other relief as may be available and which the Court deems just and equitable.

## COUNT TWO

## NJLAD – RETALIATION/IMPROPER REPRISAL

62.   Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

63.     NJLAD's anti-reprisal provision specifically prohibits "any person from taking reprisals against any person because that person has opposed any practices or acts forbidden under this act." <u>N.J.S.A.</u> 10:5-12(d).

64.     Plaintiff engaged in protected activity under the NJLAD when she took company-approved maternity leave, as set forth above.

65.     Defendants had knowledge and approved Plaintiff's pregnancy leave request.

66.     As a direct results of Plaintiff taking pregnancy-related leave, Defendants took retaliatory action against Plaintiff, which is outlined above.

67.     The retaliation directed at Plaintiff included, but is not limited to, Plaintiff's pretextual termination.

68.     Plaintiff was affirmatively and/or constructively terminated by Defendants in retaliation for taking pregnancy-related leave. As a direct result of her pregnancy-related leave, Defendants took retaliatory action against Plaintiff, which is outlined above.

69.     Defendants are vicariously, strictly, and/or directly liable to Plaintiff for unlawful retaliatory conduct in violation of the NJLAD pursuant to <u>N.J.S.A.</u> 10:5-12(d).

70.     Individual Defendants' unlawful conduct imposes liability on themselves and Corporate Defendant(s) under the NJLAD's anti-retaliation provision. <u>See</u> <u>N.J.S.A.</u> 10:5-12(d) (prohibiting "any person from taking reprisals against any person because that person has opposed any practices or acts forbidden under this act."); <u>Craig v. Suburban Cablevision, Inc</u>., 274 N.J. Super. 303, 644 A.2d 112, 115 (App. Div. 1994); <u>Tyson v. Cigna Corp</u>., 918 F. Supp. 836, 839 (D.N.J. 1996); <u>Kamdem-Ouaffo v. Task Mgmt</u>., No. 17-cv-7506, 2018 U.S. Dist. LEXIS 113899, at *48 (D.N.J. July 9, 2018); <u>McDermott v. CareAllies, Inc</u>., 503 F. Supp. 3d 225, 238-39 (D.N.J.

2020); Smart v. Cnty. of Gloucester, No. 20-12408, 2022 U.S. Dist. LEXIS 198, at *11-12 (D.N.J.

Dec. 30, 2021).

71.     As a proximate result of the aforementioned acts and omissions set forth herein,

Plaintiff has sustained emotional and pecuniary damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this

Count, together with compensatory and equitable relief, all remedies available under the law,

punitive damages, pre- and post-judgment interest, and attorneys' fees and costs of suit. More

specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the

NJLAD as follows:

A.     Reinstatement of employment and all benefits;
B.     Back pay and benefits;
C.     Front pay and benefits;
D.     Compensatory damages;
E.     Consequential damages;
F.     Reinstatement;
G.     Punitive damages;
H.     Prejudgment interest and enhancements to off-set negative tax consequences;
I.     Any and all attorneys' fees, expenses and/or costs, including but not limited to court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);
J.     Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;
K.     Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;
L.     Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;
M.     Ordering Defendants to undergo anti-discrimination training;
N.     Ordering Defendants to undergo anti-retaliation training;
O.     Ordering Defendants to undergo anti-harassment training;
P.     Ordering Defendants to undergo workplace civility training;
Q.     Ordering Defendants to undergo bystander intervention training;
R.     Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

| S. | Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training; |
|---|---|
| T. | Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training; |
| U. | Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training; |
| V. | Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training; |
| W. | Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination; |
| X. | Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment; |
| Y. | Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and |
| Z. | Such other relief as may be available and which the Court deems just and equitable. |

## COUNT THREE
## NJLAD – PAY DISCRIMINATION BASED ON SEX AND/OR GENDER

72.     Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

73.     The NJLAD's Pay Equity Amendment prohibits employers from compensating employees at a rate of pay less than that paid to employees outside the employee's protected class for substantially similar work.

74.     Plaintiff performed work substantially similar to that of male comparators within GOAT Group.

75.     Throughout her employment, male employees consistently received higher base salaries, higher merit increases, and greater overall compensation than Plaintiff and other female employees.

76.     Plaintiff presented documentation of these inequities to Human Resources; Defendants took no meaningful corrective action.

77.     Defendants knowingly maintained and perpetuated a compensation system that paid Plaintiff less than similarly situated male employees.

78.     As a result of Defendants' unlawful conduct, Plaintiff suffered wage loss, loss of future earnings, emotional distress, and other compensable damages.

79.     As a proximate result of the discriminatory actions undertaken by Corporate Defendants, Individual Defendants, Defendants John Does 1-5, and Defendants ABC Corporations 1-5, jointly and/or severally, Plaintiff has suffered and continues to suffer non-economic damages in the form of humiliation, stress, anger, sadness, and anxiety, causing her mental and emotional anguish and dysfunction and physical manifestations of same, including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite, and loss of sleep, all or some of which may be permanent.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the NJLAD, punitive damages, emotional distress damages, pre- and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of the NJLAD as follows:

A.     Reinstatement of employment and all benefits;
B.     Back pay and benefits;
C.     Front pay and benefits;
D.     Compensatory damages;
E.     Consequential damages;
F.     Reinstatement;
G.     Punitive damages;
H.     Prejudgment interest and enhancements to off-set negative tax consequences;
I.     Any and all attorneys' fees, expenses and/or costs, including but not limited to court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof

required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

J.     Such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable;

K.     Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;

L.     Ordering Defendants to take appropriate corrective action to stop and prevent harassment at the workplace;

M.    Ordering Defendants to undergo anti-discrimination training;

N.     Ordering Defendants to undergo anti-retaliation training;

O.     Ordering Defendants to undergo anti-harassment training;

P.     Ordering Defendants to undergo workplace civility training;

Q.     Ordering Defendants to undergo bystander intervention training;

R.     Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;

S.     Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;

T.     Ordering Defendants to engage a research organization to assess the effectiveness of their anti-harassment training;

U.     Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;

V.     Ordering Defendants to engage a research organization to assess the effectiveness of their bystander intervention training;

W.    Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;

X.     Ordering Defendants to identify an appropriate professional to investigate any future complaints of harassment;

Y.     Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and

Z.     Such other relief as may be available and which the Court deems just and equitable.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including

but not limited to any and all declaration sheets. This demand shall include and cover not only primary insurance coverage, but also any excess, catastrophe, and umbrella policies.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Brittany Dave*

By: /s/ *Peter D. Valenzano*
     PETER D. VALENZANO, ESQ.

Dated: December 4, 2025

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, PETER D. VALENZANO, ESQUIRE, is hereby designated as trial counsel for Plaintiff.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceedings with respect to this matter, and no other parties need to join currently.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McOMBER McOMBER & LUBER, P.C.
*Attorneys for Plaintiff, Brittany Dave*

By: /s/ *Peter D. Valenzano*
     PETER D. VALENZANO, ESQ.

Dated: December 4, 2025

# EXHIBIT B

**8 2 0 6 2 4**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
HUDSON COUNTY

Plaintiff
**BRITTANY DAVE**

vs

DOCKET NO.  HUD-L-004645-25

Defendant
**1661, INC. D/B/A GOAT GROUP, ET AL**

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Person to be served:  **1661, INC. D/B/A GOAT GROUP**
**C/O TELOS LEGAL CORP., REGISTERED AGENT**
Address:
**316 BERRHILL DRIVE**
**WILLIAMSTOWN NJ 08094**

Cost of Service pursuant to R4:4-30

$ _____

Attorney:
       **MCOMBER, MCOMBER & LUBER, P.C.**
       **54 SHREWSBURY AVENUE**
       **RED BANK NJ 07701**
Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

PLAINTIFF'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS

Service Data:

Served Successfully __X__    Not Served _____    Date: __1/9/26__    Time: __5:55pm__ Attempts: _____

_____  Delivered a copy to him/her personally

_____  Left a copy with a competent household
        member over 14 years of age residing therein at place of abode.

Name of Person Served and relationship/title:

__Fran Kaufman__

__X__  Left a copy with a person authorized to accept
       service, e.g. managing agent, registered agent, etc.

~~PERSON IN CHARGE AT THE~~
~~OFFICE OF THE REGISTERED~~
AGENT OF THE CORPORATION

Description of Person Accepting Service:

Age: __60__  Height: __5'4__  Weight: __150__  Hair: __Gray__  Sex: __F__        Race: __C__

Non-Served:

       (  ) Defendant is unknown at the address furnished by the attorney
       (  ) All reasonable inquiries suggest defendant moved to an undetermined address
       (  ) No such street in municipality
       (  ) No response on: _____  Date _____  Time
                            _____  Date _____  Time
                            _____  Date _____  Time
       (  ) Other:_____  Comments or Remarks_____

I, SAID ALI                           , was at
time of service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

Subscribed and Sworn to me this
__12th__   day of __January 2026__

*Ariana Sanchez* 

*Said Ali*  01/14/2026 01:58 PM EST

Signature of Process Server            Date

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. This notarial act involved the
use of online audio/video communication
technology. Notarization facilitated by SIGNiX®

**DGR LEGAL, INC.**
**1359 Littleton Road, Morris Plains, NJ 07950-3000**
**(973) 403-1700  Fax (973) 403-9222**

**Work Order No.    820624**

**File No.    15722**

# EXHIBIT C

‖‖‖‖‖‖‖‖‖‖‖‖‖
8 2 0 6 3 7

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION:**
**HUDSON COUNTY**

**Plaintiff**
BRITTANY DAVE

vs

**Defendant**
1661, INC. D/B/A GOAT GROUP, ET AL

**Person to be served:** TIFFANY-BLEU GARCIA

**Address:**
1182 MARTIN ROAD
BREINIGSVILLE PA 18031

**Commonwealth of PA**

**County of Northampton**

**DOCKET NO.  HUD-L-004645-25**

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

**Cost of Service pursuant to R4:4-30**

$ _____

**Attorney:**
    MCOMBER, MCOMBER & LUBER, P.C.
    54 SHREWSBURY AVENUE
    RED BANK NJ 07701
**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE
PLAINTIFF'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS

**Service Data:**

Served Successfully  X      Not Served _____      Date: 1/13/26   Time: 7:15 am   Attempts: 1

_____ Delivered a copy to him/her personally

X      Left a copy with a competent household
          member over 14 years of age residing therein at place of abode.

_____ Left a copy with a person authorized to accept
          service, e.g. managing agent, registered agent, etc.

**Name of Person Served and relationship/title**

Pedro Garcia, Husband
Member of household
_____

**Description of Person Accepting Service:**

Age: 32   Height: 6'2"   Weight: 210   Hair: Black   Sex: Male   Race: Hispanic

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                              _____ Date _____ Time
                              _____ Date _____ Time
( ) Other:_____    Comments or Remarks_____

Subscribed and Sworn to me this
13 day of January 2026

_____
Notary Signature

I, Gordon R. Crowell Jr.     , was at
time of service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

_____  1-13-26
Signature of Process Server          Date

Commonwealth of Pennsylvania - Notary Seal
Tabitha Zoppi, Notary Public
Lehigh County
My commission expires March 15, 2028
Commission number 1443156
Member, Pennsylvania Association of Notaries

**DGR LEGAL, INC.**
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

**Work Order No.**   820637

**File No.**   15722

# EXHIBIT D



8 2 0 6 3 3

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
HUDSON COUNTY

DOCKET NO. HUD-L-004645-25

**Plaintiff**
BRITTANY DAVE

vs

**Defendant**
1661, INC. D/B/A GOAT GROUP, ET AL

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

Person to be served: RODNEY CLOWERS

Address:
15215 VICTORY BOULEVARD
APT. 313
VAN NUYS CA 91411

Attorney:
MCOMBER, MCOMBER & LUBER, P.C.
54 SHREWSBURY AVENUE
RED BANK NJ 07701

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE
PLAINTIFF'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS

Service Data:

Served Successfully __X__   Not Served _____   Date: __1/13/2026__   Time: __5:30 pm__   Attempts: __1__

__X__ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

*Rodney Clowers*
*personally*

Description of Person Accepting Service:

Age: 30s   Height: 5'10"   Weight: 170   Hair: black   Sex: M   Race: Afr Am

Non-Served:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                      _____ Date _____ Time
                      _____ Date _____ Time
( ) Other: _____   Comments or Remarks _____

Subscribed and Sworn to me this
__16__ day of __January 2026__

_____
Notary Signature

I, Alexander Guzman _____, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   1·16·2026
Signature of Process Server      Date

ANDREW JACK KAHRS
Notary Public - California
Ventura County
Commission # 2398315
My Comm. Expires Apr 20, 2026

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

Work Order No.   820633

File No.   15722

# EXHIBIT E

Bianca M. Olivadoti, Esq. (Bar ID #112962014)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

|  |  |
|---|---|
| BRITTANY DAVE,<br><br>    Plaintiff,<br><br>  v.<br><br>1661, INC. d/b/a GOAT GROUP;<br>RODNEY CLOWERS; LAUREN<br>CHUN; TIFFANY-BLEU GARCIA;<br>ABC CORPORATIONS 1-5 (fictitious<br>names describing presently unidentified<br>business entities); and JOHN DOES 1-5<br>(fictitious names describing presently<br>unidentified individuals,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY – LAW DIVISION<br>DOCKET NO.: HUD-L-004645-25<br><br><br>**<u>Civil Action</u>**<br><br>**ACKNOWLEDGEMENT OF SERVICE** |

   In accordance with <u>R.</u> 4:4-6, the undersigned hereby acknowledges service of the

filed Complaint, Track Assignment Notice, Plaintiff's First Demand for Production of Documents

and First Set of Interrogatories Directed to All Defendants, Civil Case Information Statement, and

Summons in the above-captioned matter on behalf of Defendant Lauren Chun as of the date below.

Such acknowledgment of service shall not constitute a waiver of any defenses.

            JACKSON LEWIS P.C.
            200 Connell Drive, Suite 2000
            Berkeley Heights, NJ 07922

       By:  */s Cody C. Hubbs*
            Bianca M. Olivadoti
            Cody C. Hubbs
            *Attorneys for Defendants*

Dated: January 30, 2026